ORME, Judge
(concurring in part and concurring in the result in part):
1 13 I concur in the court's decision except for its treatment of the issue dealt with in paragraphs 7 and 8. I am uneasy with paragraph 8 because it seems to suggest that Decker would have a plausible argument that the district court implicitly ruled on the constitutionality of the ordinance allowing for civil fines, thus vesting us with jurisdiction over this issue, but for his failure to argue "that the ordinance violates the Utah Constitution"; but for his failure to "provide[] ... citations supporting his claim"; but for his failure to "address how we may exercise jurisdiction when he raised no due process challenge before the district court and the district court made no due process ruling"; and because "we will not assume an appellant's 'burden of argument and research.""
T 14 In my view, it is just not that complicated. The district court did not "rule[ ] on the constitutionality of a statute or ordinance" in connection with this issue. See Utah Code Ann. § 78A-8-106(2) (2008). It had no occasion to do so. Decker did not argue the ordinance's unconstitutionality. As acknowledged by my colleagues, he only argued that the ordinance violated a provision of the Utah Code. The district court rejected that argument, holding that the ordinance was consistent with the statute. Having so ruled, it had no occasion to reach out and decide a constitutional argument that was never made. - As a result, we would have no jurisdiction to consider this issue no matter how brilliantly Decker briefed it.
{15 Because, as the lead decision recognizes, "Decker tries to couch his argument as a constitutional one for the first time on appeal," we simply have no jurisdiction to consider it. I would dispose of this argument as summarily as we do the two in footnote 5. There is only one issue over which we have jurisdiction and which merits discussion. That is the issue dealt with in paragraphs 9 and 10. And I fully concur in our discussion and resolution of that issue.